UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| ALICIA COULTER,<br><br>              Plaintiff,<br><br>v.<br><br>COBY WHITAKER; KEVIN W. BURKE;<br>and CITY OF OWASSO,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER TRANSFERRING CASE TO NORTHERN DISTRICT OF OKLAHOMA**<br><br>Case No. 1:25-cv-00165<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without an attorney, Alicia Coulter filed this case against the city of Owasso, Oklahoma, and two Owasso police officers.[1]  She brings claims under 28 U.S.C. § 1983, alleging the officers violated her constitutional rights by stopping her when she was running down the street.[2]  The court stayed the case for screening under 28 U.S.C. § 1915.[3]  Because it is apparent from Ms. Coulter's complaint that venue is improper in this district, Ms. Coulter was ordered to show cause why this case should not be transferred to the Northern District of Oklahoma.[4]  Ms. Coulter did not file a response by the January 6, 2026 deadline, or any time thereafter.  Therefore, for the

---

[1] (Compl., Doc. No. 1.)

[2] (*Id.* at 4.)

[3] (Order Temp. Granting Mot. to Waive Filing Fee & Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 5.)

[4] (Order to Show Cause, Doc. No. 7.)

reasons explained below, the court[5] orders that this case be transferred to the United States District Court for the Northern District of Oklahoma.

Under 28 U.S.C. § 1915(e), when a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[6] As part of the screening process under this statute, "district courts can consider the issue of venue sua sponte."[7] But courts may do so "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[8] And "the district court may dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts" supporting venue.[9] As an alternative to dismissal, a court where venue

---

[5] The undersigned magistrate judge issues this order, where transfer of venue is considered nondispositive. *See F. v. Highmark Blue Cross Blue Shield*, No. 2:19-cv-00183, 2020 U.S. Dist. LEXIS 71239, at *2 n.4 (D. Utah Apr. 21, 2020) (unpublished); *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549, 2019 U.S. Dist. LEXIS 221219, at *6 (D. Colo. Dec. 23, 2019) (unpublished).

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Scott v. Texas*, No. 24-5124, 2025 U.S. App. LEXIS 3, at *1–2 (10th Cir. Jan. 2, 2025) (unpublished) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1216–17 (10th Cir. 2006)); *see also Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) ("[A]t any time before the defendants waive the defense of improper venue, a district court may raise on its own motion an issue of defective venue . . . ." (emphasis and internal quotation marks omitted)).

[8] *Trujillo*, 465 F.3d at 1217 (citation omitted).

[9] *Id.* (alteration in original) (internal quotation marks omitted).

is improper may, "in the interest of justice, transfer such case to any district or division in which it could have been brought."[10]

As relevant here, the statute governing venue provides a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[11]

It is obvious from the face of Ms. Coulter's complaint that venue is improper in this district. Ms. Coulter does not allege any defendants reside in Utah; rather, she provides Owasso, Oklahoma addresses for the officer defendants. Likewise, she does not allege any events or omissions occurred in Utah. Instead, her claims are based on a stop by Owasso police officers in Owasso, Oklahoma. Therefore, venue is improper in the District of Utah. Because it appears venue would be proper in the Northern District of Oklahoma (the district covering Owasso), transfer to that district is in the interest of justice.

---

[10] 28 U.S.C. § 1406(a).

[11] 28 U.S.C. § 1391(b).

Accordingly, the court clerk is directed to transfer this case to the United States District Court for the Northern District of Oklahoma.

DATED this 21st day of April, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge